FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

03 NOV -4 PM 2: 52

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| NICHOLAS MANSUETTA, M.D., | } |
| Plaintiff, | } |
| v. | } CASE NO. CV 01-JEO-2550-NE |
| BERKSHIRE LIFE INSURANCE COMPANY, | } |
| Defendant. | } |

ENTERED

NOV - 4 2003

### MEMORANDUM OPINION

Before the court is the motion for summary judgment of defendant Berkshire Life Insurance Company (the "defendant") (doc. 22), as well as the defendant's Motion for Leave to File Objection to Magistrate Judge's Report and Recommendation Out of Time filed by the defendant. (Doc. 35).[1] In the latter motion, the defendant seeks to belatedly file objections to the report and recommendation issued by the magistrate judge (doc. 33), which recommends that the defendant's motion for summary judgment (doc. 22) be granted in part and denied in part.

**Motion for Leave to File Objection to Magistrate Judge's Report and Recommendation Out of Time.**

The reason for the delay in filing objections, according to defense counsel, was an omission to calendar the standard ten-day deadline given in Rule 72 of the Federal Rules of Civil Procedure for objections to the report and recommendation. Under Rule 6 of the FEDERAL

---

[1] References to "Doc. __" are to the documents as numbered by the clerk of court in the court's record of the case.

RULES OF CIVIL PROCEDURE, parties may seek an enlargement of time within which to complete acts required or permitted by the court to be done at or within a specified time. Rule 6 states as follows:

> (b) Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them.

Fed. R. Civ. P. 6(b).

The court finds that a failure to calendar a court-ordered deadline is not excusable neglect within the meaning of Rule 6(b)(2). The motion for an enlargement of time within which to file objections to the magistrate judge's report and recommendation is therefore due to be denied.

The court notes, however, that even if it were to consider *de novo* the entire file in this action together with the Magistrate Judge's Report and Recommendation and the defendants' proposed objections, which are attached to the instant motion, the court would still find that the magistrate judge's report and recommendation is due to be adopted and approved.

First, the defendant complains that the magistrate judge "seized upon the issue of whether or not there is in fact a risk of reinjury," rather than resolving the question of whether a mere risk of reinjury can satisfy the definition of "total disability" in the relevant policies (the "Policies"). (Doc. 35 at 2). The defendant argues that this is a matter of contractual interpretation that the court must resolve. (Doc. 35 at 2).

2

The report and recommendation, however, contains an implicit finding that a risk of reinjury can potentially fit within the definition of "total disability" in the relevant policies, a finding with which the court agrees. There is a genuine issue of material fact as to whether the plaintiff's particular risk of reinjury would be a total disability under the Policies.

The defendant also complains that there is no "factual support for the stated position that the alleged risk of reinjury is a result of the [plaintiff's] initial rupture rather than [his] congenitally small distal biceps tendon." Rather, the defendant argues, the testimony reflects that the plaintiff's risk of reinjury arises from his small distal biceps tendon rather than an "injury" or a "sickness" as is required by the insurance policies. The magistrate judge addressed this argument as follows:

> The defendant asserts another basis for the denial of benefits under the Policies. It argues that the plaintiff's claim of total disability is based upon the increased potential for re-rupture due to his congenitally small distal biceps tendon, which means that his disability is not due to an "injury" or "sickness" under the "Total Disability Indemnity" clause in the Policies, quoted above. (Doc. 32 at 13-18). It points out that "injury" is defined in the Policies as "an accidental bodily injury that is sustained while this policy is in force" and that "sickness" is defined in the Policies as "an illness, disease or pregnancy which is diagnosed or treated while this policy is in force." (Doc. 32 at 14). The plaintiff's small distal biceps tendon was a condition he had since birth, the defendant argues, so it cannot constitute an "injury" or "sickness under the Policies. (Doc. 32 at 18). The court is not persuaded by this argument and notes that it is not supported by citation to any legal authority. (*See* doc. 32 at 13-18). There is at the very least a genuine issue of material fact as to whether the plaintiff's alleged disability arose from an injury within the meaning of the Policies. The effects of that injury are allegedly more significant for the plaintiff than for most people because of his abnormal physiology, but that does not necessarily mean that they did not arise from the injury, as it is defined in the Policies.

(Doc. 33 at 24-25).

The magistrate judge correctly found that the defendant failed to meet its burden of

3

showing that there is no genuine issue of material fact regarding this issue. As the magistrate judge's reasoning indicates, the plaintiff's abnormal physiology likely made him more susceptible to injury or damage in that region, rather than serving as a cause of the injury itself. The defendant's argument seems to be based on the assumption that the term "injury" can encompass only that trauma or damage that occurs to physiologically perfect portions of an insured's anatomy. Such a position strains credibility, particularly since the defendant has not pointed out any exclusion in the relevant policies which would bar recovery by an insured for injuries to which he is susceptible because of a previously unsuspected physiological quirk, weakness or abnormality. If the defendant wished to exclude such injuries from coverage, it could have included such a clause or it could have performed an exhaustive physical examination of the plaintiff in order to expose such hidden or dormant flaws lurking within his physiology so as to exclude from coverage any damage related to them.

The defendant next argues that the magistrate judge incorrectly found that the plaintiff's alternate theory of relief was adequately pled and not due to be dismissed. (Doc. 35 at 4). The defendant complains that the testimony and the plaintiff's assertions reflect that his claimed disability is based solely on his risk of reinjury. (Doc. 35 at 4-5). In finding that summary judgment was not due on this claim, the magistrate judge acknowledged that "the plaintiff's claim of total disability does seem to be based primarily on the risk of re-rupture," but that he presented evidence via depositions and documents of "physical limitations and strength deficits in his left arm...[that] could arguably serve as notice to the defendant that this was a basis of the [his] claim." (Doc. 33 at 26).

The defendant claims that the following testimony from one of the plaintiff's physicians,

4

Dr. James Flanagan, demonstrates that his claim of disability is based solely upon a risk of reinjury:

> Q: As far as his situation of being able to do the surgery, would you agree that but for the risk of rerupture, that he would be able to do that surgery?
>
> A: That's correct.
>
> Q: And but for this small tendon that he had from birth, he would be able to regain – to resume doing orthopedic surgery?
>
> A: Yes, sir. More than likely.
>
> Q: In other words, if you had not found an anatomically small tendon and you got the result that you did with him, you would feel comfortable in saying it's rehab'ed; you can go back to work; would that be true?
>
> A: That would be true. Yes, sir.
>
> Q: Because he actually could do the surgery?
>
> A: He was trained to do it. Yes, sir.
>
> Q: When you finish with him, he is physically able to do it, but he is at risk of reinjuring, is that correct?
>
> A: Yes, sir.
>
> * * *
>
> Q: And that is that even though he may be physically able to do orthopedic surgery today, you think that he needs to retrain to do something less strenuous?
>
> A: That's my recommendation to him. Yes, sir.

(Flanagan depo. at 41-42). Other evidence cited by the plaintiff, however, including the testimony of another doctor who treated the plaintiff after Flanagan treated him, as well as the Functional Capacity Evaluation and Impairment Rating Calculation, which revealed that the plaintiff had strength deficits inconsistent with the practice of general orthopedic surgery and

5

that he had a 16% impairment to his upper extremity, all indicate that the plaintiff has suffered losses and deficits other than a mere risk of re-injury. The magistrate judge correctly found that the plaintiff adequately raised this as a basis for relief.

For the reasons set forth above, the court finds not only that the instant motion is due to be denied, but also that the proposed objections would not dissuade the court from approving and adopting the report and recommendation of the magistrate judge. An appropriate order will be issued concurrently herewith.

**The Motion for Summary Judgment**

The court has considered the entire file in this action together with the magistrate judge's report and recommendation and has reached an independent conclusion that the report and recommendation is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusions of the court. In accord with the recommendation, the motion for summary judgment (doc. 22) is due to be granted in part and denied in part with the breach of contract claim being allowed to proceed and the bad faith claim being dismissed with prejudice. An appropriate order will be issued concurrently herewith.

DONE this 4th day of November, 2003.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
United States District Judge